UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-53-TS |
| | ) | |
| LAVONTE NUNNALLY | ) | |

**OPINION AND ORDER**

After adjudicating the Defendant, Lavonte Nunnally, guilty upon his plea of guilty to violations of 21 U.S.C. § 846 and 18 U.S.C. § 2, and 21 U.S.C. § 841(a)(1), the Court sentenced him pursuant to 21 U.S.C. § 841(b)(1)(B) and the United States Sentencing Guidelines that were in effect on the date of his sentencing, August 5, 2005. On February 22, 2008, this Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines [DE 323]. The Court's order directed the Defendant, his counsel, the government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to guideline § 1B1.10, as amended effective March 3, 2008.

On March 18, the Defendant's court-appointed counsel filed a notice explaining that a reduction in the Defendant's sentence is not appropriate because his offense level is dictated by the guideline provision that applies to career offenders, and his offense level remains unchanged under the crack amendments. In conjunction with that Notice, the Defendant's attorney also moved to withdraw as court-appointed counsel [DE 326] as directed by the Court's February 22 order.

Pursuant to the order, if counsel moves to withdraw, "[t]he Defendant then has 30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se motion for

reduction of sentence." (DE 323 at 2.) "The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." (DE 323 at 2.)

On April 2, 2008, the Defendant filed a *pro se* motion for reduction of sentence [DE 327] and on May 1, 2008, filed a brief in support of his motion [DE 341]. The Defendant argues that this Court is authorized to consider reducing his sentence consistent with 18 U.S.C. § 3582(c)(2), Amendment No. 706, and 18 U.S.C. § 3553(a). The Defendant submits that the Court is not bound by the career offender guidelines. The Defendant then presents argument against the 100 to 1 powder cocaine to crack ratio in support of his claim that his sentence is no longer supported by any rational penological objective.

On May 14, 2008, the government filed a response to the Defendant's motion [DE 347]. The government states that it agrees with the reasoning set forth in defense counsel's Notice that, because the Defendant was sentenced as a career offender and because his final adjusted guideline range is unaffected by the retroactive amendment to U.S.S.G. § 2D1.1, the Defendant's motion for retroactive application of the sentencing guidelines to crack cocaine offenses should be denied.

Counsel's Notice and his Motion to Withdraw are well taken. The Defendant's guideline range of imprisonment before the amendments was 262 to 327 months imprisonment for his base offense level of 34 and criminal history category of VI. The career offender provision of the guidelines applied to the Defendant and resulted in a base offense level higher than that specified in the drug quantity table. *See* U.S.S.G. § 4B1.1 (setting base offense level before reduction for acceptance of responsibility at 37). However, the Defendant still received the benefit of a three-point reduction for acceptance of responsibility and the benefit of the government's motion for a

2

two-level downward departure. The Court sentenced the Defendant to 210 months imprisonment.

Under the amended guidelines, the career offender provision of § 4B1.1 still applies. Thus, the Defendant's base offense level remains at 34 and his criminal history category is still VI, which corresponds to a guideline range of 262 to 327 months. Therefore, the amendments do not have the effect of lowering the Defendant's sentencing range, and a reduction would not be consistent with the applicable policy statements issued by the Sentencing Commission or with the factors set forth in § 3553(a). The Defendant is not entitled to a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).

### CONCLUSION AND ORDER

For the foregoing reasons, the Motion to Withdraw as Court Appointed Counsel [DE 326] is GRANTED and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in this cause of action. The Defendant's *pro se* motion [DE 327] seeking a reduction of his sentence pursuant to 18 U.S.C. § 3582 is DENIED.

SO ORDERED on June 2, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT